FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 17, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRAVIS BLAKE, individually,<br><br>Plaintiff,<br><br>v.<br><br>KIWI AIR, LLC dba Hells Canyon Helicopters, a Washington Limited Liability Company, and BLAKE MALO, individually,<br><br>Defendants. | No. 2:25-CV-00253-RLP<br><br>ORDER DENYING DEFENDANT BLAKE MALO'S MOTION TO DISMISS |

Before the Court is Defendant Blake Malo's Motion to Dismiss, ECF No. 6. Oral argument was held on the motion on November 14, 2025. Robert L. Bowman appeared on behalf of Mr. Malo. Rachel Min Luke appeared on behalf of Plaintiff Travis Blake. For the reasons discussed below, Mr. Malo's Motion to Dismiss is denied.

//

ORDER DENYING DEFENDANT BLAKE MALO'S
MOTION TO DISMISS * 1

BACKGROUND

Defendant Kiwi Air LLC is a helicopter operations and maintenance company with its principal place of business in Clarkston, Washington. ECF Nos. 1 at 2; 7, ¶¶6-9; 9-1 at 14 (noting Kiwi Air's helipad and hanger are located in Clarkston). Kiwi Air operates many helicopter trips out of Clarkston. ECF Nos. 9-1 at 6-17; 9-2, ¶4. Kiwi Air is owned by Mr. Malo, who performs general management functions and serves as Director of Operations, a pilot, and a mechanic. ECF No. 7, ¶¶4-5. Mr. Malo resides in Portland, Oregon, but periodically travels to Clarkston for work. *Id*., ¶6. Mr. Malo estimates he works in Washington approximately one week per month, although some months he does not travel to Washington. *Id*.; *see also* ECF No. 9-2, ¶4 (noting Mr. Malo resides in an apartment in Kiwi Air's hangar in Clarkston when he travels).

In 2024, Kiwi Air entered into a contract with the South Dakota Department of Game, Fish, & Parks to use a helicopter to capture elk in South Dakota's Black Hills. ECF No. 9-1 at 19-24. Mr. Malo signed the contract on behalf of Kiwi Air. *Id*. at 24.

Plaintiff Travis Blake periodically worked for Kiwi Air as a contractor/crewmember,[1] and previously worked on wildlife capture projects out of

---

[1]The parties alternatively characterize Mr. Blake as a contractor or an

Washington. *Id.*, ¶12; ECF No. 9-2, ¶5. Mr. Blake is a Montana resident. ECF No. 1 at 2. In early 2024, Mr. Blake inquired with Kiwi Air about work on a wildlife project, and in late 2024 Mr. Blake accepted an offer from Mr. Malo to be a gunner for the South Dakota project. ECF Nos. 7, ¶17; 9-2, ¶6-7. As a gunner, Mr. Blake's job was to fire a tranquilizer gun from the helicopter to immobilize the elk. ECF Nos. 7, ¶16; 9-2, ¶11.

To perform the contract, Mr. Malo traveled from his home in Oregon to Clarkston, where he collected the helicopter for the project. ECF No. 7, ¶18. Mr. Malo then drove the helicopter from Clarkston to Montana, where he picked up Mr. Blake, and thence to South Dakota. ECF No. 7, ¶¶18-20. In Montana and South Dakota, Mr. Malo instructed Mr. Blake about his job duties and on helicopter safety procedures. ECF Nos. 7, ¶¶21-25; 9-2, ¶ ¶10-12. According to Mr. Blake, Mr. Malo instructed him to shoot while standing on the helicopter skid. ECF No. 9-2, ¶¶11-12. Mr. Blake alleges that Mr. Malo directed him to wear a safety harness attached via a tether to an anchor strap belt looped around a bar in the helicopter while shooting. *Id*. According to Mr. Malo, he instructed Mr. Blake to always remain seated in the helicopter with his seatbelt fastened. ECF No. 7, ¶24.

---

employee. *See* ECF Nos. 7, ¶12; 9-2, ¶9.

ORDER DENYING DEFENDANT BLAKE MALO'S
MOTION TO DISMISS * 3

On February 27, 2025, Mr. Blake attached his safety harness to the anchor strap on a bar in the helicopter. ECF Nos. 7, ¶26; 9-2, 14. Mr. Blake alleges the anchor strap was already present on the bar when he began his duties as a gunner, and that Mr. Malo directed him to attach his harness to the strap on the bar. ECF No. 9-2, ¶¶12-14. During that day's operations, the bar on which the anchor strap was attached failed, and Mr. Blake fell out of the helicopter while standing on the skid. ECF No. 1 at 9-12.

Mr. Blake filed the Complaint initiating this action against Kiwi Air, LLC and Mr. Malo on July 15, 2025. ECF No. 1. He asserts state law claims for product liability and negligence stemming from Defendants' allegedly improper design and installation of the anchor point, negligent maintenance, and failure to provide adequate warnings. *Id*. at 16-21.

## LEGAL STANDARD

Rule 12(b)(2) governs the dismissal of an action based on lack of personal jurisdiction. When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 799 (9th Cir. 2004). Where the motion is based on written materials, "the plaintiff need only made a prima facie showing of jurisdictional facts." *Id*. at 800 (internal quotation marks omitted). A prima facie showing means the plaintiff has produced

admissible evidence which, if believed, is sufficient to establish the existence of personal jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). Although the plaintiff cannot "simply rest on the bare allegations of its complaint and must come forward with facts, by affidavit or otherwise, supporting personal jurisdiction, uncontroverted allegations in the complaint must be taken as true." *Amba Marketing Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). If any conflict exists between the parties' evidence, the court must resolve it in the plaintiff's favor. *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

"The power of a federal court entertaining a case based on diversity of citizenship to exercise personal jurisdiction over a nonresident defendant turns on two independent considerations: (1) whether an applicable state rule or statute potentially confers personal jurisdiction over the defendant; and (2) whether assertion of such jurisdiction accords with constitutional principles of due process." *Easterday v. Tyson Free Meats, Inc.*, 2023 WL 3272404, at *2 (E.D. Wash. Apr. 12, 2023) (citing *Data Disc Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977)).

Washington's long-arm statute, RCW 4.28.185, extends personal jurisdiction to the broadest reach that the Due Process Clause of the federal Constitution permits. *Downing v. Losvar*, 21 Wn. App. 2d 635, 654, 507 P.3d 894 (2022).

ORDER DENYING DEFENDANT BLAKE MALO'S
MOTION TO DISMISS * 5

1  "Because Washington's long-arm jurisdictional statute is coextensive with federal

2  due process requirements, the jurisdictional analysis under state law and federal

3  due process are the same." *Easterday*, 2023 WL 3272404, at *2.

4  DISCUSSION

5  Mr. Malo contends the Court lacks personal jurisdiction over him, as Mr.

6  Blake's claims concern a helicopter accident which occurred in South Dakota and

7  in no way involves Mr. Malo's contacts with Washington. Mr. Blake contends his

8  claims relate to and arise out of Mr. Malo and Kiwi Air's business activities in

9  Washington.

10  The Due Process Clause of the Fourteenth Amendment protects a

11  defendant's liberty interest in not being subject to the binding judgments of a

12  forum with which he has established no meaningful contacts, ties, or relations.

13  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72, 105 S.Ct. 2174 (1985).

14  "Unless a defendant's contacts with a forum are so substantial, continuous, and

15  systematic that the defendant can be deemed to be 'present' in that forum for all

16  purposes, a forum may exercise only 'specific' jurisdiction—that is, jurisdiction

17  based on the relationship between the defendant's forum contacts and the

18  plaintiff's claim." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,

19  433 F.3d 1199, 1205 (9th Cir. 2006).

20

ORDER DENYING DEFENDANT BLAKE MALO'S
MOTION TO DISMISS * 6

For a court to exercise specific personal jurisdiction over a defendant, that defendant must have at least "minimum contacts" with the relevant forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Burger King*, 471 U.S. at 472 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154 (1945)).

The Ninth Circuit has established a three-prong test for analyzing a claim of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. The plaintiff bears the burden of satisfying the first two prongs of the test, and if met, the burden shifts to the defendant to demonstrate why the exercise of jurisdiction would not be reasonable. *Id*.

*Purposeful Direction or Availment*

For claims sounding in tort, purposeful direction analysis is generally proper, *Briskin v. Shopify, Inc.*, 135 F.4th 739, 751 (9th Cir. 2025), while purposeful availment analysis generally applies to contract claims. *Schwarzenegger*, 374 F.3d at 802. However, there is no hard and fast rule

preventing purposeful availment analysis from being applied to a tort claim, and both tests may be applied in all cases to determine whether sufficient minimum contacts exist. *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 826 (2024).

"To establish purposeful availment, [courts] look at a defendant's 'entire course of dealing' with the forum state – 'not solely the particular contract or tortious conduct giving rise to [a plaintiff's] claim.'" *Id*. at 1162 (quoting *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1108 (9th Cir. 2020)). Purposeful availment exists where the defendant "purposefully avails [himself] of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws," and in return "submit[s] to the burdens of litigation" in the state. *Id*. (quoting *Schwarzenegger*, 374 F.3d at 802). "The contacts must be the defendant's own choice and not random, isolated, or fortuitous." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359, 141 S. Ct. 1017 (2021) (internal quotation marks omitted).

Here, Mr. Malo's contacts with Washington demonstrate he attempted to gain the benefits and protections of, and submitted to litigation in, this state. Mr. Malo chose to headquarter his business in Washington. He chooses to maintain and fly helicopters out of Clarkston. He makes frequent and systemic trips to Washington to conduct business, including to initiate the elk capture project which

ORDER DENYING DEFENDANT BLAKE MALO'S
MOTION TO DISMISS * 8

1  forms the basis for this case. These contacts are not random, isolated, or fortuitous,
2  and all indicate a desire to avail himself of Washington's benefits and protections.
3  Therefore, Mr. Blake has demonstrated the purposeful availment test is satisfied
4  and that Mr. Malo has sufficient minimum contacts with Washington for the Court
5  to have personal jurisdiction over him.

6  *Arising Out of or Relating to the Forum Contacts*

7  A lawsuit "arises out of" a defendant's contacts with the forum state if a
8  direct nexus exists between those contacts and the cause of action. *Fireman's Fund*
9  *Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 894 (9th Cir. 1996).
10 However, personal jurisdiction can also be demonstrated where a claim "relates to"
11 a defendant's forum contacts, even absent causation. *Impossible Foods Inc. v.*
12 *Impossible X LLC*, 80 F.4th 1079, 1097 (9th Cir. 2023), *cert. denied*, 144 S. Ct.
13 2561 (2024). This is especially so where a defendant has continuous and extensive
14 contacts with the forum state, and thus "will more reasonably anticipate being
15 subject to personal jurisdiction for causes of action that do not directly arise from
16 those contacts, but that nonetheless 'relate to' them." *Id*. at 1091 (quoting *Ford*
17 *Motor Co.*, 592 U.S. at 364).

18 All of Mr. Blake's claims relate to Mr. Malo's business activities in
19 Washington – the design, maintenance, and operation of Washington based
20 helicopters. But-for causation stemming from these contacts is unnecessary in light

ORDER DENYING DEFENDANT BLAKE MALO'S
MOTION TO DISMISS * 9

of the contacts' continuous and extensive nature. The wildlife capture project at issue here began in Washington, the helicopters were maintained in Washington, and Mr. Malo secured Mr. Blake's services on behalf of his Washington company. Therefore, Mr. Blake's claims relate to Mr. Malo's contacts with Washington.

*Fair Play and Substantial Justice*

The Ninth Circuit has articulated seven factors for courts to evaluate the reasonableness of exercising personal jurisdiction:

> (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Briskin*, 135 F.4th at 761 (quoting *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1096 (9th Cir. 2023)).

Here, it would not be unfair to subject Mr. Malo to personal jurisdiction in Washington.

First, Mr. Malo has clearly interjected himself into Washington's affairs, as he owns and operates a helicopter business in the state. Second, there would be no burden on Mr. Malo to defend in Washington. Not only does Mr. Malo regularly travel to Washington for work, but as this Court has uncontroverted jurisdiction over Kiwi Air, Mr. Malo will be forced to defend his company in Washington

ORDER DENYING DEFENDANT BLAKE MALO'S
MOTION TO DISMISS * 10

regardless. Third, there is no clear conflict with the sovereignty of Oregon. Fourth, Washington has a clear interest in adjudicating this dispute, as Washington has an interest in assuring the safety of helicopters in the state. Fifth, the most efficient judicial resolution of the controversy would be to retain jurisdiction. This Court has jurisdiction over Kiwi Air and the lawsuit will proceed in this forum regardless of whether Mr. Malo is dismissed. Dismissing Mr. Malo could potentially result in bifurcation of the case and duplication of efforts should Mr. Blake file suit against him in another forum.

      Concerning factors six and seven, Washington is not an important forum for Mr. Blake's relief, nor is it the only forum available to him. South Dakota presents a valid alternative forum for Mr. Blake's claims. As both Washington and South Dakota are out-of-state forums for Mr. Blake, it is not clear why Washington would be important to his interest in the resolution of his claims. However, the fact Washington is not the only forum, or even an important forum, for Mr. Blake's claims does not make it unreasonable for the Court to exercise personal jurisdiction over Mr. Malo.

      Factors one through five all show it would be reasonable for the Court to exercise personal jurisdiction over Mr. Malo. As all three prongs of the Ninth Circuit's test for personal jurisdiction have been met, the Court finds Mr. Blake has

ORDER DENYING DEFENDANT BLAKE MALO'S
MOTION TO DISMISS * 11

alleged facts sufficient to establish personal jurisdiction. Mr. Malo's Motion to Dismiss is denied.

**IT IS ORDERED:**

1. Defendant Blake Malo's Motion to Dismiss, **ECF No. 6**, is **DENIED**.

The District Court Executive is hereby directed to enter this Order and furnish copies to all counsel.

**DATED** November 17, 2025.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANT BLAKE MALO'S
MOTION TO DISMISS * 12